IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NOE VEGA RAMOS; ANA KAREN VALENZUELA SOTO; JOSE ADRIAN LEYVA; ANA KAREN QUIROZ; and J. AARÓN FELIX, Individually and On Behalf of All Others Similarly Situated, § § § § § § | § | Civil Action No. _____ |
| Plaintiffs, | § § | |
| v. | § § | FLSA – Collective Action |
| BIG EASY FOODS OF LOUISIANA, L.L.C., and MELCHOR MAYA SOTO, | § § § | Complaint - Class Action |
| Defendants. | § | Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs Noe Vega Ramos, Ana Karen Valenzuela Soto, Jose Adrian Leyva, Ana Karen Quiroz, and J. Aarón Felix are Mexican nationals and former guestworkers who were recruited and employed as food-processing factory workers by Defendants Big Easy Foods of Louisiana, L.L.C., and Melchor Maya Soto (collectively referred to as "Defendants") through the H-2B temporary foreign worker visa program. Defendants required Plaintiffs to work numerous hours each workweek for which they were not compensated, and made illegal deductions further reducing their pay. Plaintiffs regularly worked more than 40 hours per week, and Defendants failed to accurately record the hours Plaintiffs worked and repeatedly underpaid Plaintiffs in violation of the FLSA. As a result of Defendants' pay practices, Defendants paid Plaintiffs less than the required overtime wages and less than the prevailing wage rate promised to them through the H-2B guestworker program. Further, Defendants imposed upon Plaintiffs

discriminatory job-related requirements and adverse terms and conditions of employment to which non-Hispanic and/or United States citizen employees were not subjected, and exposed Plaintiffs to an objectively hostile and abusive work environment on account of Plaintiffs' race and/or alienage. Plaintiffs bring this action on behalf of themselves and all other similarly-situated persons ("Class Members"), to recover damages for Defendants' violations of their, and all other similarly situated persons', rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Civil Rights Act of 1866 (42 U.S.C. § 1981), and the Louisiana law of breach of contract.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) for the claims brought under the Fair Labor Standards Act and the Civil Rights Act of 1866, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

3. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This Court has personal jurisdiction over Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

6. Plaintiff Noe Vega Ramos is an individual who worked for Defendants' business as an H-2B visa worker in Calcasieu Parish, Louisiana. Plaintiff Noe Vega Ramos has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

7. Plaintiff Ana Karen Valenzuela Soto is an individual who worked for the Defendants' business as an H-2B visa worker in Calcasieu Parish, Louisiana. Plaintiff Ana Karen Valenzuela Soto has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

8. Plaintiff Jose Adrian Leyva is an individual who worked for the Defendants' business as an H-2B visa worker in Calcasieu Parish, Louisiana. Plaintiff Jose Adrian Leyva has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

9. Plaintiff Ana Karen Quiroz is an individual who worked for the Defendants' business as an H-2B visa worker in Calcasieu Parish, Louisiana. Plaintiff Ana Karen Quiroz has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

10. Plaintiff J. Aarón Felix is an individual who worked for the Defendants' business as an H-2B visa worker in Calcasieu Parish, Louisiana. Plaintiff J. Aarón Felix has consented to the filing of this action for violations of the FLSA, *see* Exhibit A.

11. Defendant Big Easy Foods of Louisiana, L.L.C., is a domestic for-profit corporation formed and existing under the laws of the State of Louisiana and whose principal place of business is 3935 Ryan St., Lake Charles, Louisiana 70605. Defendant Big Easy Foods of Louisiana, L.L.C. may be served with process by serving its registered agent, Mark T. Abraham at 3935 Ryan St., Lake Charles, Louisiana 70605.

12. Defendant Melchor Maya Soto is an individual who is a manager at Big Easy Foods. He can be served via personal service at his residence at 2505 Tyler Street, Lake Charles, Louisiana 70605.

**FACTS**

13. Defendant Big Easy Foods of Louisiana, L.L.C. operates as a prepared frozen food supplier business known as Big Easy Foods, with its main office located at 3935 Ryan St., Lake

Charles, Louisiana 70605. Big Easy Foods specializes in purveying Louisiana specialties including sausage, boudin, stuffed chickens, turkeys, Tur-Duc-Hens, gumbo, jambalaya, and étouffée. Big Easy Foods' brand-name products are primarily manufactured in their 15,000 square foot USDA food plant in Lake Charles, Louisiana, and are subsequently sold to supermarkets and distributors across the United States.

14. Big Easy Foods of Louisiana, L.L.C. merged with French Market Foods, L.L.C. in 2003, and Big Easy Foods of Louisiana, L.L.C. operated under the name French Market Foods until approximately 2010.

15. Part of the Big Easy Foods enterprise includes Gulf Island Shrimp and Seafood II, L.L.C. (hereinafter, "Gulf Island"), which manages two domestic shrimp-processing plants in Dulac, Louisiana that contribute gulf shrimp products to the Big Easy Foods brand. Gulf Island and Big Easy Foods of Louisiana, L.L.C. are commonly controlled by managing partners Mark Abraham and Larry Avery.

16. Defendant Melchor Maya Soto works as a manager for Big Easy Foods at its plant in Lake Charles, Louisiana, and acted as an employer for purposes of the FLSA. Defendant Maya Soto was directly involved in setting the wage and hour policies that are complained of herein.

17. Defendants employed Plaintiffs and other H-2B guestworkers to perform manual labor as packers, packagers, and as meat, poultry, and fish cutters and trimmers for Defendants' businesses in each year between 2007 and the present.

18. In order to find sufficient workers to fill their positions at the Lake Charles plant, Big Easy Foods of Louisiana, L.L.C. has repeatedly petitioned the Department of Homeland Security (DHS) for permission to import foreign workers to perform meat processing services using H-2B temporary work visas.

19. By regulation, DHS requires a petition for H-2B visas to be accompanied by a temporary labor certification from the Department of Labor (DOL). To obtain such a certification, an employer must request a determination from the DOL of the prevailing wage applicable to the employer's job openings and the area of employment. The employer must then engage in specific efforts to recruit U.S. workers at no less than the prevailing wage. If the recruitment efforts do not produce sufficient U.S. workers to fill all of the employer's job openings, the employer may submit a temporary labor certification application to the DOL on Form 9142. The application requires employers to set forth the terms and conditions of work that the employer is offering to the foreign workers it seeks to hire. The terms must be no less favorable than the terms offered to U.S. workers and must include a promise to pay no less than the prevailing wage for all hours of work.

20. If DOL determines that U.S. workers are not available to fill the employer's job openings, and that the terms and conditions of work offered to foreign workers will not adversely affect the wages and working conditions of similarly employed U.S. workers, the DOL approves the labor certification application. At that point the employer may petition the DHS for H-2B visas.

21. In each of the years from 2007 to 2017, the Big Easy Foods enterprise, including Big Easy Foods, Gulf Island, and French Market Foods, obtained a prevailing wage determination from the DOL for jobs at the Big Easy Foods Lake Charles plant, including packers, poultry dressers, poultry boners, packers and hand packagers, as well as meat, poultry, and fish cutters and trimmers, and recruited and hired U.S. workers for those positions.

22. Because an insufficient number of U.S. workers accepted Defendant Big Easy Foods of Louisiana, L.L.C.'s jobs, Defendant Big Easy Foods of Louisiana, L.L.C., using the company

names Big Easy Foods, Gulf Island, and French Market Foods, filed labor certification applications on Form 9142 in each of the years from 2007 to 2017 so that it could hire employees through the H-2B program to work at the Big Easy Foods Lake Charles plant.

23. In each of the years at issue, Defendants used the approved visas to hire approximately 60 or more H-2B workers for the Big Easy Foods Lake Charles plant.

24. Gulf Island also filed labor certification applications on Form 9142 to hire employees through the H-2B program as workers, including jobs as packers, hand packagers, meat, poultry, and fish cutters and trimmers, at the Dulac plants.

25. In order to recruit and employ workers for the H-2B visa positions for Gulf Island, Defendants recruited workers in Mexico, provided transportation from Mexico to Louisiana, and then ordered some of the Gulf Island H-2B visa-holders to work during the period of their visas for Defendant Big Easy Foods of Louisiana, L.L.C. at the Lake Charles plant performing work as packers, packagers, and as meat, poultry, and fish cutters and trimmers.

26. Defendants recruited, hired, and employed Plaintiff Noe Vega Ramos as an H-2B guestworker at Big Easy Food's Lake Charles plant in 2008, 2010, 2011, 2015, and 2016.

27. In 2015, Plaintiff Vega Ramos was recruited and contracted by Defendants, and received an H-2B visa to work for Gulf Island in Dulac, Louisiana, but Defendant Maya Soto nonetheless ordered him to work for Defendants at Big Easy Food's Lake Charles plant throughout the entirety of his visa's term.

28. Defendants recruited, hired, and employed Plaintiff Ana Karen Valenzuela Soto as an H-2B guestworker at Big Easy Food's Lake Charles plant in 2016.

29. Defendants recruited, hired, and employed Plaintiff Jose Adrian Leyva as an H-2B guestworker at Big Easy Food's Lake Charles plant in 2016.

30. Defendants recruited, hired, and employed Plaintiff Ana Karen Quiroz as an H-2B guestworker at Big Easy Food's Lake Charles plant in 2016.

31. Defendants recruited, hired, and employed Plaintiff J. Aarón Felix as an H-2B guestworker at Defendant Big Easy Food's Lake Charles plant in 2011, 2012, and 2016.

32. In each of the years at issue, Defendant Big Easy Foods of Louisiana, L.L.C. entered into work contracts with the Mexican national H-2B workers employed at the Big Easy Foods Lake Charles plant. Those work contracts explicitly and/or by operation of law offered the terms and conditions set forth in the Form 9142 labor certification applications, including the promise to pay at least the required prevailing wage rate based on the work performed by each H-2B worker.

33. In order to be approved for the H-2B temporary worker visa program, Big Easy Foods of Louisiana, L.L.C. promised to pay Plaintiffs at least at a prevailing wage rate certified by the DOL that varied depending on the year.

34. Further, upon employing Plaintiffs at the Big Easy Foods Lake Charles plant, Big Easy Foods of Louisiana, L.L.C. promised a wage rate for Plaintiffs as stated on their pay statements.

35. In spite of these promises, Defendants repeatedly paid Plaintiffs at an effective hourly wage rate less than the hourly wage rate promised on their pay statements, and less than the minimum prevailing wage rates required for all hours Plaintiffs worked.

36. Big Easy Foods of Louisiana, L.L.C. breached its employment contracts with Plaintiffs by failing to pay Plaintiffs the promised wage rates for all hours worked for Defendants.

37. At all times relevant to this action, Plaintiffs routinely worked more than 40 hours per week for Defendants, and regularly worked up to more than 60 hours per week for Defendants.

38. Defendants regularly failed to compensate Plaintiffs at all for up to ten hours each week for work performed for Defendants.

39. Even in the weeks when Plaintiffs worked less than 40 hours, Defendants failed to pay Plaintiffs for all hours worked, and as a result of Defendants' pay practices, Defendants paid Plaintiffs at an effective hourly wage rate less than the hourly wage rate promised on their pay statements, and less than the minimum prevailing wage rates required for all hours Plaintiffs worked.

40. Plaintiffs were required as a matter of mandate and/or economic necessity to live in crowded housing provided by Defendants, and were dependent on Defendants for transportation in Lake Charles. Housing and transportation were furnished primarily for the benefit of Defendants. Defendants deducted unreasonable housing fees from Plaintiffs' wages that exceeded the actual cost incurred by Defendants in furnishing the lodging.

41. As a result of Defendants' pay practices, illegal deductions, and failure to compensate Plaintiffs for all hours, Defendants failed to pay Plaintiffs the required time and one-half their regular rate of pay as overtime compensation for all hours Plaintiffs worked in excess of 40 hours during each work week.

42. Defendants' pay practices resulted in Plaintiffs receiving less than the prevailing wage rate for all hours of work up to 40 in each workweek and less than time and one-half the prevailing wage rate for all hours in excess of 40 in each workweek.

43. At all times relevant to this action, Defendants controlled and supervised the work performed by Plaintiffs.

44. In performing their meat-processing work, Plaintiffs handled goods and equipment imported from other countries and states, including foodstuffs and kitchen equipment.

45. Each workweek, Plaintiffs' job duties included the production of food products to be sold in interstate commerce by Defendants.

46. Defendant Big Easy Foods of Louisiana, L.L.C. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

47. At all times relevant to this action, Plaintiffs were employees of each and every one of the Defendants.

48. At all times relevant to this action, Defendant Melchor Maya Soto had operational control over Big Easy Foods of Louisiana, L.L.C. at Big Easy Foods' Lake Charles plant, exercised control over the terms and conditions of employees' work, maintained Big Easy Foods of Louisiana, L.L.C.'s employee records, and had the power to act on behalf of Big Easy Foods of Louisiana, L.L.C. vis-a-vis its employees, including Plaintiffs.

49. At all times relevant to this action, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay overtime compensation due to Plaintiffs.

50. At all times relevant to this action, Defendants failed to maintain and preserve complete and accurate records of Plaintiffs' hours of work as required by the FLSA.

51. Throughout their employment, Plaintiffs were subjected to a severe and/or pervasive hostile work environment and suffered discrimination in the terms, conditions, and privileges of their work based on their race and/or alienage.

52. Plaintiffs' work environment was permeated by intimidation and oppression. Defendants' supervisory/management personnel—especially Defendant Maya Soto— regularly shouted at, cursed at, and insulted Plaintiffs, while non-Hispanic and/or U.S. citizen coworkers employed by Defendants were treated better.

53. Plaintiffs' non-Hispanic and/or U.S. citizen coworkers were not subjected to the wage violations described above, including denial of proper overtime pay, complete nonpayment for hours of work, failure to pay the applicable prevailing wages, and unreasonable, illegal deductions from pay.

54. Plaintiffs were allowed fewer breaks than their non-Hispanic and/or U.S. citizen coworkers.

55. Defendants unreasonably restricted Plaintiffs' freedom, privacy, communications, movement, and worship, and such restrictions were not imposed on Plaintiffs' non-Hispanic and/or U.S. citizen coworkers. Defendant Maya Soto tightly controlled Plaintiffs' personal freedom, including limiting their interactions on-the-job as well as imposing curfews on them and requiring them to garner his permission to leave Defendants' housing during their off hours or to have visitors. He frequently denied Plaintiffs' requests, including refusing to allow them to attend church and instructing class members that they could not have nuns visit the provided housing.

56. Defendant Maya Soto threatened Plaintiffs that they would be deported to Mexico if they did not follow the unreasonable rules and restrictions he imposed on them but not on their non-Hispanic and/or U.S. citizen coworkers.

57. Defendant Maya Soto would impose disciplinary measures on Plaintiffs such as cutting their hours or days of work if they violated the unreasonable rules and restrictions he imposed on Plaintiffs but not on their non-Hispanic and/or U.S. citizen coworkers.

## CLASS ALLEGATIONS

58. Plaintiffs assert their breach of contract claims, and Plaintiffs' Section 1981 claims, as a Class Action pursuant to Federal Rule of Civil Procedure Rule 23(b)(3).

59. Plaintiffs bring the claims on behalf of the "Rule 23 Class," which, pending any modifications necessitated by discovery, is defined as follows: "All Mexican nationals employed through the H-2B program and who worked at the Big Easy Foods plant in Lake Charles, Louisiana during the relevant statute of limitations."

60. The members of the putative Rule 23 Class are so numerous that joinder of all potential class members is impracticable. Plaintiffs do not know the exact size of the class since that information is within the control of Defendants. However, according to publicly available data from the U.S. Department of Labor, Defendants employed more than 100 individuals through the H-2B temporary worker visa program identified as packers, hand packagers, and meat, poultry, and fish cutters and trimmers in Defendants' applications within the relevant statute of limitations.

61. The Rule 23 Class claims asserted by Plaintiffs are typical of the claims of all of the potential class members because all potential class members allege they were paid less than the prevailing wage rates promised to them and/or to which they were entitled by operation of law.

62. Further, all potential Rule 23 Class Members contend they were subjected to a severe and/or pervasive hostile work environment and suffered discrimination in the terms, conditions, and privileges of their work, including being insulted, intimidated, threatened, cursed at, yelled at, and subjected to wage violations and unreasonable restrictions on their freedom, privacy, communications, movement, and worship on the basis of their race and alienage.

63. All of Plaintiffs' and the potential Rule 23 Class Members' claims arise from the same course of conduct by Defendants, and the relief sought is common.

64. Plaintiffs will fairly and adequately protect and represent the interests of the class.

65. Plaintiffs also suffered from the same overtime pay violation as the class.

66. Plaintiffs are represented by counsel experienced in litigation on behalf of low-wage workers and in class actions.

67. The prosecution of separate actions by the individual potential Rule 23 Class Members would create a risk of inconsistent or varying adjudications with respect to individual potential Rule 23 Class Members that would establish incompatible standards of conduct for Defendants.

68. Plaintiffs are unaware of any members of the putative Rule 23 Class who are interested in presenting their claims in a separate action.

69. Plaintiffs are unaware of any pending litigation commenced by members of the Rule 23 Class concerning the instant controversies.

70. This class action will not be difficult to manage due to the uniformity of claims among the Rule 23 Class Members and the susceptibility of the claims to class litigation and the use of representative testimony and representative documentary evidence.

71. The contours of the class will be easily defined by reference to Defendants' records and government records.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

72. Plaintiffs reincorporate and reallege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

73. This count sets forth a claim for declaratory relief and damages for each Defendant's violations of the overtime provisions of the FLSA.

74. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly-situated current and former employees of Defendants.

75. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the "FLSA Class" as follows: "All Mexican nationals employed through the H-2B program and who worked at the Big Easy Foods plant in Lake Charles, Louisiana during the relevant statute of limitations."

76. All potential FLSA Class Members are similarly situated because, among other things, they were all employees of these Defendants and, upon information and belief, all suffered from the same policies of these Defendants, including the failure to pay the overtime rate for all hours over 40 in a workweek as required under FLSA.

77. All potential FLSA Class Members worked primarily as manual laborers and were not exempt from the FLSA overtime protections.

78. Defendants did not pay potential FLSA Class Members based on their actual hours worked. Defendants failed to maintain complete and accurate records of the hours worked by and compensation paid to all potential FLSA Class Members as required by the FLSA.

79. Defendants made unreasonable, illegal deductions from the wages of all potential FLSA Class Members.

80. Defendants' failure to pay Plaintiffs and FLSA Class Members their federally mandated overtime wages was a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81. For these violations, all potential FLSA Class Members are entitled to recover their unpaid overtime wages, an equal amount in liquidated damages, attorney's fees, and costs of court, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

82. Plaintiffs reincorporate and reallege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

83. Defendant Big Easy Foods of Louisiana, L.L.C. entered into employment contracts with Plaintiffs and Rule 23 Class Members to perform work for Defendant Big Easy Foods of Louisiana, L.L.C.

84. Plaintiffs and Rule 23 Class Members satisfactorily performed all employment duties and responsibilities required of them under the employment contracts with Defendant Big Easy Foods of Louisiana, L.L.C.

85. Defendant Big Easy Foods of Louisiana, L.L.C. breached the employment contracts with Plaintiffs and Rule 23 Class Members by failing to comply with the terms and conditions of the contracts for which Plaintiffs and Rule 23 Class Members are entitled to recover compensatory damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981)

86. Plaintiffs and Rule 23 Class Members reincorporate and reallege each of the foregoing paragraphs of this Complaint as if fully set forth herein.

87. Defendants imposed discriminatory job-related requirements and adverse terms and conditions of employment on Plaintiffs and Rule 23 Class Members to which non-Hispanic and/or U.S. citizen employees were not similarly subjected.

88. Defendants' discriminatory and offensive treatment of Plaintiffs and Rule 23 Class Members was sufficiently severe that it created a hostile work environment in violation of 42 U.S.C. § 1981.

89. Plaintiffs and Rule 23 Class Members reasonably perceived their work environment to be hostile, abusive, and discriminatory on the basis of their race and/or alienage.

90. Defendants' hostile, abusive, and discriminatory treatment of Plaintiffs and Rule 23 Class Members was unwelcome.

91. Defendants knowingly, willfully, maliciously, intentionally, and without justification acted to deprive Plaintiffs and Rule 23 Class Members of their rights.

92. As a result of Defendants' unlawful acts, Plaintiffs and Rule 23 Class Members have suffered injury to their property and/or persons.

93. Plaintiffs and Rule 23 Class Members seek all appropriate relief, including declaratory relief, attorney's fees, costs of this action, and compensatory damages and punitive damages, in an amount to be determined at trial.

## JURY DEMAND

Plaintiffs demand trial by jury on all claims on which they have a right to trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a. Declare Defendants Big Easy Foods of Louisiana, L.L.C. in violation of each of the claims for relief set forth above;

b. Declare Defendant Melchor Maya Soto in violation of the first and third claims for relief set forth above;

c. Certify and maintain this action as a class action, with Plaintiffs as designated class representatives and with their counsel appointed as class counsel;

d. Certify the FLSA claims against Defendants to proceed as a collective action under 29 U.S.C. § 216(b), and authorize the appropriate notice of this suit, and the opportunity to opt into it, to be provided to all potential members of the FLSA Class;

e. Award damages to Plaintiffs and FLSA Class Members for Defendants' failure to pay overtime wages under the FLSA and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

f. Award damages to Plaintiffs and Rule 23 Class Members pursuant to Plaintiffs' Breach of Contract claim;

g. Award damages to Plaintiffs and Rule 23 Class Members pursuant to Plaintiffs' 42 U.S.C. §1981 claims, including compensatory and punitive damages;

h. Award Plaintiffs and Class Members the costs of this action;

i. Award Plaintiffs and Class Members reasonable attorney's fees;

j. Award Plaintiffs and Class Members Pre-Judgment and Post-Judgment interest; and

k. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

**CLOUTMAN & CLOUTMAN, L.L.P.**

/s/ Edward B. Cloutman, III
Edward B. Cloutman, III
(Louisiana Bar No. 04206 & Texas Bar No. 04411000)
3301 Elm Street
Dallas, Texas 75226-1637
214.939.9222
214.939.9229 (Telecopier)
Email: ecloutman@lawoffices.email


**EQUAL JUSTICE CENTER**

Christopher J. Willett (T.A.; *pro hac vice* application to be filed).
Texas Bar No. 24061895
Email: cwillett@equaljusticecenter.org
Anna Bocchini (*pro hac vice* application to be filed)
Texas Bar No. 24057410
Email: abocchini@equaljusticecenter.org
Colleen Mulholland (*pro hac vice* application to be filed)
Texas Bar No. 24091765
Email: cmulholland@euqlajusticecenter.org

510 S. Congress Ave., Ste. 206
Austin, Texas 78704
Telephone: (512) 474-0007 ext. 107
Fax: (512) 474-0008

Attorneys for Plaintiffs