UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NOE VEGA RAMOS, ET AL.** | : | **DOCKET NO. 2:17-cv-01298** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **BIG EASY FOODS OF LOUISIANA LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is Plaintiffs' Opposed Motion for Leave to File Amended Complaint and Join Additional Plaintiffs, and in the Alternative, Plaintiffs' and Prospective Plaintiffs' Motion to Intervene filed by plaintiffs Noe Vega Ramos, Ana Karen Valenzuela Soto, Jose Adrian Leyva, and Ana Karen Quiroz. Doc. 119. The motion is opposed by defendants Big Easy Foods of Louisiana LLC and Melchor Maya Soto. Doc. 122. Plaintiffs have filed their reply [doc. 125], making this motion ripe for resolution.

For the reasons stated, the Motion for Leave should be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiffs brought this action against defendants Big Easy Foods LLC and Melchor Maya Soto under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*); the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and Louisiana contract law. Doc. 1. Plaintiffs previously amended the complaint twice with defendants' consent. Docs. 30, 93. In the Second Amended Complaint, plaintiffs asserted proposed class allegations under Federal Rule of Civil Procedure 23(b)(3) for claims of state-law breach of contract and federal civil rights violations of Section 1981 and Title VII. Doc. 93, pp.

11–13, 14–17. Plaintiffs also brought a proposed collective action pursuant to 29 U.S.C. § 216(b) "on behalf of themselves and all other similarly-situated current and former employees of Defendants" for violations of the FLSA's overtime provisions. *Id.* at pp. 13–14. The court conditionally certified[1] the FLSA component of this case [doc. 36] but denied plaintiffs' Motion for Rule 23 Class Certification [doc. 117].

Plaintiffs then filed the instant motion. Doc. 119. Specifically, plaintiffs seek leave of court to join as additional plaintiffs Jose Abelardo Haro Avitia, Jesus Yamileth Moreno Yucupicio, Christian Jovan Haro Avitia, Edwin Fernando Galaviz, Ramon Octavio Felix Ramos, Dulce Viridiana Mora, Citlalic Solis Martinillo, and Itzel Torres Zavala,[2] as well as Jesus Manuel Castro Jimenez, Lilia Isai Moreno Yucupicio, and Karla Veronica Galaviz Castro. *Id.* at p. 2. Plaintiffs also seek leave "to amend the complaint to reflect the Court's denial of the motion for certification of a Rule 23 class action." *Id.*

Defendants oppose the motion, claiming the requested joinder is "a blatant attempt to plead around traditional FLSA collective action procedures and standards." Doc. 122, p. 6. Additionally, defendants claim the proposed additional plaintiffs' FLSA claims are time barred. *Id.* at pp. 11–13. They further allege that the proposed Title VII claims by Lilia Isai Moreno Yucupicio and Karla Veronica Galaviz Castro are barred for failure to timely exhaust administrative remedies, and that they fail to state a claim. *Id.* at pp. 13–14. Defendants do not provide any arguments opposing the remainder of the proposed amended complaint or the proposed plaintiffs' joinder as plaintiffs to the other claims for relief.

---

[1] The court granted conditional certification of the FLSA claims before the Fifth Circuit rejected the use of "any test for 'conditional certification'" in *Swales v. KLLM Transport Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021).
[2] These proposed plaintiffs currently are participating in this lawsuit as FLSA opt-in plaintiffs. Doc. 119, p. 2.

Plaintiffs' response asserts that defendants used the wrong standard to evaluate the proposed joinder and that the proposed amendment satisfies both the joinder standard and the "similarly situated" factors from defendants' opposition. Doc. 125, pp. 2–5.  Plaintiffs also argue that defendants' opposition to the Title VII claims ignores the specific factual allegations in the proposed amendment. *Id.* at p. 6.

## II.
### LAW AND ANALYSIS

Plaintiffs request leave of court to join eleven new plaintiffs to this matter.  The rules of permissive joinder allow persons to join an action as plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "(B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

In the motion, plaintiffs also seek leave to amend their complaint a third time under Rule 15 of the Federal Rules of Civil Procedure. Doc. 119.  Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Thus, Rule 15(a) expresses "a strong presumption in favor of liberal pleading." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

### A. Motion for Leave to Amend and Join Additional Plaintiffs

Leave to amend is not automatic; the "decision to grant or deny a motion to amend is in the sound discretion of the trial court." *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987)).  However, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citing *Lone Star Motor Import v. Citroen Cars*, 228 F.2d 69, 75 (5th

Cir. 1961)). Substantial reasons to deny leave include: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

   *1. Joinder*

In their opposition to the instant motion defendants utilize the *Swales* "similarly situated" standard, instead of the two-pronged Rule 20 test, to argue against allowing the proposed plaintiffs to join the FLSA claims. Doc. 122, pp. 6–11. However, the Fifth Circuit has "previously allowed twenty-two security guards who worked at the same petroleum refinery to join their FLSA claims *under Rule 20.*" *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) (citing *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1132–33, 1135 (5th Cir. 1984)) (emphasis added). Thus, in deciding on this motion to join eleven additional plaintiffs (only seven of whom are seeking to join in the FLSA claims), we will rely on Rule 20's two-prong test.

"The transaction and common question requirements prescribed by Rule 20(a) are not rigid tests." *House of Raeford Farms of Louisiana, LLC v. Poole*, No. 19-cv-271, 2021 WL 1092623, at *4 (W.D. La. Mar. 19, 2021). All logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Amie v. City of Jennings*, No. 2:03CV2011, 2005 WL 3007009, at *1 (W.D. La. Nov. 8, 2005) (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "Furthermore, Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact." *Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D. La. 1995).

Plaintiffs assert that their claims and the claims of the proposed plaintiffs meet this standard because (1) the claims arise out of the same series of transactions or occurrences and (2) there is at least one common question of law or fact linking all claims. Doc. 119, p. 6. The first prong is allegedly satisfied because plaintiffs and proposed plaintiffs (a) "were all recruited from Mexico and employed to perform food-processing and packing work for Defendants at the Big Easy Foods plant in Lake Charles, Louisiana;" (b) were recruited by the same individual, defendant Melchor Maya Soto, (c) were supervised by this individual at a single jobsite, and (d) "worked under the same practices and policies that give rise to the claims under the FLSA, Title VII, and § 1981," as well as the breach of contract claims. *Id.* Plaintiffs further allege the second prong is satisfied because their claims and those of the proposed plaintiffs share common questions of law and fact, including "whether Defendants' policy and practice of paying Plaintiffs and Additional Plaintiffs pursuant to formula rather than their actual hours worked resulted in unpaid wages" and whether defendant Melchor Maya Soto's "pattern of treatment of Plaintiffs and Additional Plaintiffs constituted a severe or pervasive hostile work environment based on their shared protected characteristics." *Id.*

Defendants oppose the joinder of the proposed plaintiffs to the FLSA and Title VII causes of action, but they provide no argument in opposition to the proposed plaintiffs' joinder to the other two claims. As to the FLSA claims, defendants argue that none of the proposed plaintiffs had much, if any, overlap in employment period with the current plaintiffs. Doc. 122, pp. 8–9. Defendants also claim the proposed amended complaint does not allege that plaintiffs and proposed plaintiffs worked in similar positions at the plant, had similar schedules or overtime hours, or suffered similar alleged pay deductions. *Id.* at p. 9.

Based on the record and argument before us, we find that plaintiffs' and proposed plaintiffs' claims under the four causes of action in the proposed amendment arise out of the same basic set of facts: Plaintiffs and proposed plaintiffs were all H-2B guestworkers at defendant Big Easy Food's Lake Charles plant some time between November 2014 and March 2016,[3] during which time they all worked to produce food products that defendant Big Easy Foods would then sell. Doc. 119, att. 1. Defendants allegedly engaged in payment practices such as paying plaintiffs and proposed plaintiffs less than the prevailing wage rate, failing to pay required overtime wages, and failing to compensate them for regular hours of work. *Id.* at pp. 10–12, ¶¶ 50–59. Defendants, particularly defendant Melchor Maya Soto, also allegedly subjected plaintiffs and proposed plaintiffs—but not employees who were United States citizens—to harsh and unfair treatment. *Id.* at pp. 13–14, ¶¶ 69–74.

We find that defendants' alleged payment practices toward and discriminatory treatment of plaintiffs and proposed plaintiffs, which they claim occurred repeatedly over the span of their employment with defendants, constitute "the same transaction, occurrence, or series of transactions or occurrences" within the meaning of Rule 20(a)(1). We also agree with plaintiffs' uncontested assertion that there will be common questions of law or fact among plaintiffs and proposed plaintiffs. One such question will likely be "whether defendants' payment practices toward plaintiffs and proposed plaintiffs resulted in unpaid wages." Thus, Rule 20's two-prong test is satisfied.

2. *Other Joinder Considerations*

Even if the Rule 20 test is satisfied, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principals

---

[3] Proposed plaintiffs Lilia Isai Moreno Yucupicio and Karla Veronica Galaviz Castro both claim they also worked at the Lake Charles plant beyond this timeframe. Doc. 119, att. 1, p. 9, ¶¶ 46–47.

of fundamental fairness." *Acevedo*, 600 F.3d at 521 (internal citations omitted).  However, the Federal Rules of Civil Procedure strongly encourage "joinder of claims, parties and remedies." *United Mine Workers of Am. v. Gibbs*, 86 S. Ct. 1130, 1138 (1966).

Defendants cite *Acevedo v. Allsup's Convenience Stores, Inc.* as an example of the Fifth Circuit affirming denial of Rule 20 joinder when opt-ins to an FLSA action attempt to become plaintiffs. Doc. 122, p. 10 (citing 600 F.3d at 522).  However, *Acevedo* is distinguishable from the instant matter.  In *Acevedo*, the collective action was decertified, whereas this case is still conditionally certified from the court's pre-*Swales* order [doc. 36]. *Acevedo*, 600 F.3d at 519.  Additionally, the *Acevedo* plaintiffs were trying to join approximately 800 opt-ins as plaintiffs, as opposed to the seven FLSA opt-ins plaintiffs seek to join in this matter. *Id.* at 522.  Furthermore, the *Acevedo* court acknowledged that it had previously allowed joinder of smaller groups to FLSA claims, including a group of twenty-two security guards. *Id.* (citing *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1132–33, 1135 (5th Cir. 1984)).  Because there are only seven FLSA opt-ins attempting to become named plaintiffs to the FLSA claims, we find defendants' argument unpersuasive.

Defendants' only other argument against joinder as to the FLSA claims is that allowing joinder will not promote judicial efficiency because the seven opt-ins seeking to become named plaintiffs are time-barred from filing their own, separate FLSA actions. Doc. 122, pp. 11–13. Defendants also oppose the proposed joinder of Lilia Isai Moreno Yucupicio and Karla Veronica Galaviz Castro as additional plaintiffs to the Title VII claims because they allegedly do not have a basis for their own separate Title VII lawsuits.  Doc. 122, p. 14.

Even if true, these arguments, alone, are not sufficient to convince us to exercise our discretion and deny this joinder request.  Furthermore, defendants have not explained how allowing the joinder would prejudice them, go against principals of fundamental fairness, or in any

other way be harmful to this litigation. Thus, defendants' arguments do not persuade us to ignore the Federal Rules of Civil Procedure's "strong encouragement" to allow joinder. Accordingly, based on the record and arguments before us, we see no reason not to allow the proposed plaintiffs to join this action as named plaintiffs.

    *3. Futility of the Title VII claim*

Defendants also briefly argue that the proposed amendment is futile as to the Title VII claims because it is "completely devoid of any allegations supporting any claims of" discrimination suffered by the proposed plaintiffs. Doc. 122, p. 14. Defendants further claim there are "no specific allegations supporting their claims of mistreatment," and that the proposed plaintiffs' claims "would be subject to dismissal under Rule 12(b)(6)." *Id.*

Plaintiffs, on the contrary, assert that the proposed amendment specifically alleges that they and the proposed plaintiffs were subjected to a discriminatory hostile work environment. Doc. 125, p. 6. They also note that the proposed amended complaint details discriminatory treatment they experienced, including but not limited to being physically segregated from workers who were United States citizens, being subjected to an unfavorable wage scheme separate from that of United States workers, and being required to work hours without pay. *Id.* at p. 7.

In determining whether an actionable hostile work environment claim exists, courts look to "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *National R.R. Passenger Corp. v. Morgan*, 122 S. Ct. 2061, 2074 (2002) (quoting *Harris v. Forklift Sys., Inc.*, 114 S. Ct. 367, 371 (1993)). "A hostile work environment claim is composed of a series of separate acts that

collectively constitute one 'unlawful employment practice.'" *Id.* (citing 42 U.S.C. § 2000e–5(e)(1)).

After reviewing the proposed amended complaint [doc. 119, att. 1], we agree with plaintiffs. The proposed amendment alleges that defendant Melchor Maya Soto threatened plaintiffs and the proposed plaintiffs with deportation if they did not follow the rules and restrictions he imposed solely on them. Doc. 119, att. 1, p. 14, ¶ 73. He also allegedly surveilled them on their off hours, pulled their hair, and forcefully grabbed or hit them, among other things. *Id.* at pp. 13–14. Thus, the Title VII cause of action in the proposed amended complaint is not futile.

### 4. *The Remaining Proposed Amendments*

As plaintiffs note in their reply brief, defendants' opposition to the motion focuses only on the proposed amended complaint's FLSA and Title VII portions. Doc. 125, p. 7. Defendants have not expressed opposition to the remaining proposed amendments or to the proposed additional plaintiffs' joinder as plaintiffs to the breach of contract and 42 U.S.C. § 1981 claims. Additionally, as explained earlier in this opinion, both prongs of the joinder test are satisfied.

Accordingly, there has been no showing that any of the reasons to deny joinder or leave to amend are present. We thus seen no apparent reason why the requested leave should not be "freely given." *See Foman v. Davis*, 83 S. Ct. 227, 230 (1962). Considering the policy in favor of granting leave to amend and the strong encouragement to allow joinder of parties, we conclude that plaintiffs' motion should be granted.

### B. Alternative Motion to Intervene

Plaintiffs alternatively ask this court to allow the proposed plaintiffs to intervene through permissive intervention. Doc. 119, pp. 8–10. Because we granted the Motion for Leave, we need not consider this alternative request.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Opposed Motion for Leave to File Amended Complaint and Join Additional Plaintiffs [doc. 119] is **GRANTED**.

THUS DONE AND SIGNED in Chambers this 31st day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE